**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| DEBORAH LAUFER, | : |
|     Plaintiff, | : |
| v. | :    Case No. 1:20-CV-53 (LAG) |
| VRAJ HOSPITALITY, LLC, | : |
|     Defendant. | : |

**ORDER**

Plaintiff initiated this action on March 26, 2020 and served Defendant on April 22, 2020. (*See* Docs. 1, 8.) Defendant did not file an Answer and has yet to appear in the case. (*See* Docket.) On July 3, 2020, Plaintiff filed a Motion for Leave to File an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (Doc. 6.) The Court granted Plaintiff's Motion on July 16, 2020. (Doc. 7.) The Court ordered Plaintiff to file her First Amended Complaint by July 23, 2020 and to serve Defendant, or request a waiver in accordance with Federal Rule of Civil Procedure 4, by August 17, 2020. (*Id.* at 2.) Plaintiff timely filed her First Amended Complaint. (Doc. 9.) Plaintiff's First Amended Complaint states that Defendant was served on July 23, 2020, "either via transmissions of Notices of Electronic Filing generated by CM/ECF or in some authorized manner." (Doc. 9 at 8.)

On July 31, 2020, the Court entered its Scheduling and Discovery Order.[1] (Doc. 10.) The Court ordered Plaintiff to serve a copy of the Scheduling and Discovery Order "*along with* the Amended Complaint" and file proof of service with the Court within seven days of service. (*Id.* ¶¶ 2, 4. (emphasis added)) Plaintiff was also ordered to answer the Court's

---

[1] In response to Plaintiff's serial litigation history and pursuant to Federal Rule of Civil Procedure 1, the Court waived the provisions of Rule 26(a)(1) and Local Rule 26. (Doc. 10 at 1); *see also* Phil Fairbanks, *Woman alleges disability bias in 47 lawsuits against WNY Hotels*, BUFF. NEWS (June 26, 2020), https://buffalonews.com/news/local/woman-alleges-disability-bias-in-47-lawsuits-against-wny-hotels/article_45e79402-b7de-11ea-a758-cbaffaa9c4bb.html.

Interrogatories within twenty-one days. (*Id.* ¶ 3; Doc. 10-1.) Additionally, the Parties were ordered to file a joint status report regarding mediation within ninety-eight days of service of the First Amended Complaint. (*Id.* ¶ 8.) The Court warned that these deadlines were "not advisory" and "shall be strictly followed." (*Id.* at 1.) On August 19, 2020, Plaintiff filed her Answer to the Court's Interrogatories and certified that a copy was served to Defendant. (*Id.* at 1.) Plaintiff, however, has not filed proof of service of the First Amended Complaint with a copy of the Court's Discovery and Scheduling Order. (*See* Docket.) Nor have the Parties filed the joint status report regarding mediation, which was due on October 29, 2020. (*Id.*)

Federal Rule of Civil Procedure 41(b) "authorizes a district court . . . to dismiss an action for failure to prosecute or to obey a court order or federal rule." *Jones v. Graham*, 709 F.2d 1457, 1468 (11th Cir. 1983) (per curiam). And "[t]he court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Id.* (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). The Court's inherent power "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 630. Plaintiff has failed to comply with the Court's Scheduling and Discovery Order for two reasons. First, Plaintiff did not file proof of service of the First Amended Complaint with a copy a of the Court's Order within seven days of service. And second, the Parties have failed to file the joint mediation status report by the Court's deadline. Moreover, no activity has taken place in this case since August 19, 2020 and Plaintiff has not contacted the Court to request any extensions. Accordingly, within **fourteen (14) days** of the date of this Order, Plaintiff is **ORDERED** to show cause why this matter should not be dismissed. Failure to timely show cause will result in this matter being dismissed with no further notice. Fed. R. Civ. P. 41(b); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that a court may *sua sponte* dismiss an action under Rule 41(b)); *Smith v. Bruster*, 424 F. App'x 912, 914 (11th Cir. 2011) ("[T]he district court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." (citations omitted)).

Because Defendant has not appeared in the case, the Clerk is **DIRECTED** to mail a copy of this Order to Defendant's Registered Agent, Sujata Jayprakash Patel, at the following address: 1403 Tallahassee Highway, Bainbridge, GA 39819.

**SO ORDERED**, this 8th day of January, 2021.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**
